UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES W. SETCHFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| ST. CHARLES COUNTY, | ) | *Jury Trial Demand* |
| | ) | |
| *Serve:* | ) | |
| Steve Ehlmann | ) | |
| County Executive | ) | |
| 100 N. Third Street, Suite 124 | ) | |
| St. Charles, MO 63301 | ) | |
| | ) | |
| P.O. SCOTT RONALD, DSN 676, | ) | |
| | ) | |
| *Serve:* | ) | |
| St. Charles County Police Department | ) | |
| 101 Sheriff Dierker Court | ) | |
| O'Fallon, MO 63366 | ) | |
| | ) | |
| P.O. NICHOLAS SEIVERLING, DSN 677, | ) | |
| | ) | |
| *Serve:* | ) | |
| St. Charles County Police Department | ) | |
| 101 Sheriff Dierker Court | ) | |
| O'Fallon, MO 63366 | ) | |
| | ) | |
| SGT. JOHN WILLIAMS, DSN 571, | ) | |
| | ) | |
| *Serve:* | ) | |
| St. Charles County Police Department | ) | |
| 101 Sheriff Dierker Court | ) | |
| O'Fallon, MO 63366 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW JAMES W. SETCHFIELD, by and through undersigned counsel, and for

his cause of action against the Defendants in this matter, hereby states as follows:

## Introduction

1.       This is a civil rights action borne of an incident that occurred on or about August 18, 2020 in St. Charles County, Missouri, during which Officers of the St. Charles County Police Department, acting under color of state law, subjected Plaintiff James W. Setchfield to, *inter alia,* a severe beating, false arrest, and false imprisonment without cause.  The beating, unlawful arrest and imprisonment, all suffered by Plaintiff thus deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, as well as under Missouri law.

2.       Defendant St. Charles County's failure to provide appropriate supervision and discipline of its police officers, specifically said officers' use of force, arrest and related arrest procedures and detentions is unconstitutional, and its deliberate indifference to, and willful tolerance of, such practices and customs represents deliberate indifference to the rights of persons with whom the St. Charles County Police Department employees (police officers) come into contact. Defendant St. Charles County's failure to supervise and discipline Defendants SCOTT RONALD, NICHOLAS SEIVERLING and JOHN WILLIAMS as a result of Plaintiff being arrested without cause, severely beaten while restrained and subsequently detained without cause represents deliberate indifference to the rights of Plaintiff.  If Defendant St. Charles County had provided proper supervision and discipline to Defendants RONALD, SEIVERLING and WILLIAMS, Plaintiff's federal and state constitutional rights would not have been violated.

3.       The actions of the Defendants described herein violated the following rights of Plaintiff: the right to be free of the use of excessive force by police officers, the right to be free from unreasonable search and seizure, the right to be free from unreasonable arrest, the right to due process of law, the right to property, and the right to be free of threats by police officers, all of which are rights secured by the Fourth Amendment.  The Defendants described herein also violated Plaintiffs rights to due process, property, equal protection under the law, and equal justice, all of

2

which are rights secured by the Fourteenth Amendment.  All of these rights are also secured by the Civil Rights Act, 42 U.S.C. § 1983.

## Jurisdiction, Venue and Cause of Action

4.      This Court has jurisdiction under 28 U.S.C. §1331, 28 U.S.C. §1343(a)(1), 28 U.S.C. §1343(a)(2), and 28 U.S.C. §1343(a)(3), (4).  This Court has supplemental jurisdiction of Plaintiff's claims under Missouri law based on 28 U.S.C. §1367 inasmuch as the state law claims are so related to the federal claims that they form part of the same case and controversy under Article III of the United States Constitution.  Jurisdiction for attorney fees and costs is conferred by 42 U.S.C. §1988.

5.      This action is brought pursuant to 42 U.S.C. §1983, §1985, §1986, §1988 to remedy deprivation of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and under Article I, sections 2, 10 and 15 of the Missouri Constitution which secure those same rights.  Plaintiff James W. Setchfield seeks both compensatory and punitive damages.

6.      The relevant acts occurred in St. Charles County, Missouri, therefore under 28 U.S.C. §1391(b)(2), venue is proper in this Court.

## Parties

7.      Plaintiff James W. Setchfield ("Plaintiff") is a citizen of the United States and at all times relevant herein, a resident of St. Charles County, State of Missouri.

8.      Defendant St. Charles County, Missouri ("St. Charles County") is a county organized and existing under the laws of the State of Missouri.  At all times relevant herein, St. Charles County was responsible for the policy, practice, supervision, implementation, and conduct in all St. Charles County Police Department ("SCCPD") matters, and also responsible for the appointment, training, supervision, discipline, retention and conduct of all SCCPD personnel.  At all relevant times herein, Defendant St. Charles County had a duty to enforce the rules and regulations of the SCCPD, and for ensuring that SCCPD personnel obeyed the laws of the United States and the State of Missouri.

In this case, Defendant St. Charles County acted through its agents, servants and employees, including Defendants RONALD, SEIVERLING and WILLIAMS.

9.      On information and belief, Defendant RONALD is a citizen of the United States and a resident of the State of Missouri, within the Eastern District of Missouri.  Defendant SCOTT was, at all times relevant to this action, employed by Defendant St. Charles County as a law enforcement (police) officer.

10.      At all times relevant herein, Defendant RONALD was a duly authorized police officer with the SCCPD, acting in such capacity as an agent and employee of Defendant St. Charles County, acting under color of law within the course and scope of his duties as a police officer and with the complete authority and ratification of his principal, Defendant St. Charles County. Defendant RONALD is sued in his individual and official capacities.

11.      On information and belief, Defendant SEIVERLING is a citizen of the United States and a resident of the State of Missouri, within the Eastern District of Missouri.  Defendant SEIVERLING was, at all times relevant to this action, employed by Defendant St. Charles County as a law enforcement (police) officer.

12.      At all times relevant herein, Defendant SEIVERLING was a duly authorized police officer with the SCCPD, acting in such capacity as an agent and employee of Defendant St. Charles County, acting under color of law within the course and scope of his duties as a police officer and with the complete authority and ratification of his principal, Defendant St. Charles County. Defendant SEIVERLING is sued in his individual and official capacities.

13.      On information and belief, Defendant WILLIAMS is a citizen of the United States and a resident of the State of Missouri, within the Eastern District of Missouri.  Defendant WILLIAMS was, at all times relevant to this action, employed by Defendant St. Charles County as a law enforcement (police) officer where he now has the rank of Sergeant.

4

14.     At all times relevant herein, Defendant WILLIAMS was a duly authorized police officer with the SCCPD, acting in such capacity as an agent and employee of Defendant St. Charles County, acting under color of law within the course and scope of his duties as a police officer and with the complete authority and ratification of his principal, Defendant St. Charles County.  At all times relevant herein, Defendant WILLIAMS acted in a managerial or supervisory role such that he was responsible for ensuring compliance of Defendant St. Charles County's rules and regulations regarding the use of force, arrest and attendant protocol when encountering the general public.  At all times relevant herein, Defendant WILLIAMS was the immediate supervisor of Defendants RONALD and SEIVERLING.  Defendant WILLIAMS is sued in his individual and official capacities.

15.     At all relevant times herein, Defendants RONALD, SEIVERLING and WILLIAMS were duly appointed police officers, employees and/or agents of Defendant St. Charles County, and therefore subject to oversight, management and supervision by Defendant St. Charles County's elected and non-elected officials.

16.     In committing the acts and/or failing to act as hereinafter described, Defendants RONALD, SEIVERLING and WILLIAMS were acting on the implied and actual permission/consent of Defendant St. Charles County.

17.     At relevant times herein, Defendants acted willfully, maliciously, and with deliberate indifference to deprive Plaintiff of Plaintiff's liberty and constitutionally safeguarded civil rights.

### Statement of Facts

18.     Plaintiff incorporates and re-alleges by reference herein the statements contained in Paragraphs 1 through 17 above as if fully set forth herein.

19.     On or about August 18, 2020, Defendants Ronald, Seiverling and Williams were on duty for the SCCPD, where they were assigned to the patrol division for purposes of handling

routine field operations, including calls for service.  Each of these Defendants wore SCCPD uniforms and utilized department-issued vehicles and other SCCPD resources during their shift.

20.     On or about August 18, 2020, Defendants Ronald, Seiverling and Williams, acting under color of law, deprived Plaintiff of those rights, privileges, and immunities secured by the laws of the United States as well as the State of Missouri, as more particularly described herein.

21.     On or about August 18, 2020, Defendant Seiverling conducted a traffic stop on the parking lot of Outback Steakhouse, located at 4002 Winghaven Boulevard in the City of O'Fallon, Missouri 63366.

22.     The subject of the traffic stop was Plaintiff's son, David C. Setchfield.   David Setchfield was leaving a restaurant at the time of the traffic stop.  Defendant Seiverling indicated that the reason for initiating the traffic stop was for expired license plates.  David Setchfield was not issued a summons for expired plates.  Instead, Defendant Seiverling issued a traffic summons for failure to register a motor vehicle.  This charge was dismissed by way of nolle prosequi.

23.     During the traffic stop, Defendant Seiverling also indicated that he detected an odor consistent with that of marijuana coming from inside of the vehicle David Setchfield was operating at the time.  Defendant Seiverling then notified Defendant Ronald of this development and requested his assistance for purposes of assessing whether David Setchfield was impaired. Defendant Ronald arrived at the location of the traffic as requested.

24.     On or about August 18, 2020, David Setchfield was arrested for Driving Under the Influence- Drugs (DUI-Marijuana).  However, no marijuana and/or other items of evidentiary value were located in the vehicle David Setchfield was operating.  Following a review of this charge by the prosecuting attorney, the DUI was not pursued.   Instead, the matter was changed to a parking violation.

25.     In light of David Setchfield's cooperation, Defendants Seiverling and Ronald allowed him to request a ride home rather than be transported to the St. Charles County P.D./Jail.  In short, David Setchfield was to be released on a summons.

26.     On or about August 18, 2020, David Setchfield contacted his father, Plaintiff James W. Setchfield, and requested that he come up to the location of the traffic stop- Outback Steakhouse, to give him a ride home.  Shortly thereafter, Plaintiff arrived on the scene.  Defendant Williams also arrived on the scene.

27.     At the time, Plaintiff was 68 years old, in poor health due to a stroke, and had difficulty ambulating on his own without the assistance of a walker or cane.  Just prior to the incident of August 18, 2020, Plaintiff underwent eye surgery to correct vision issues.  Plaintiff was still in recovery from said surgery at the time he arrived to pick up David Setchfield.  Just prior to being contacted, Plaintiff had been sleeping at home when he was awakened by David Setchfield.

28.     On or about August 18, 2020, and when Plaintiff arrived at the scene, he first made contact with Defendant Ronald, who was seated in his patrol vehicle.  Plaintiff remained in his vehicle as well and inquired of Defendant Ronald what was going on.  Plaintiff did so by rolling down the window.  Plaintiff was not in possession of a weapon and posed no immediate threat of death or serious physical injury to Defendant Ronald.

29.     Rather than confirming who Plaintiff was or his purpose for being at the scene, and despite giving David Setchfield an opportunity to call Plaintiff, Defendant Ronald informed Plaintiff that he needed to leave the area as he was otherwise busy on a call.  In response, Plaintiff attempted to tell Defendant Ronald who he was and wanted to know where his son was located and what his son was being arrested for.  Defendant Ronald admittedly refused to tell Plaintiff and told him to leave.

30.     Confused, Plaintiff then pulled his car away from the Defendant Ronald's patrol vehicle, parked and then attempted to open the driver's side door of his own car so he could speak with Defendant Seiverling about David Setchfield, who he then observed to be in the back of Defendant Seiverling's vehicle.  Without provocation, Defendant Ronald exited his patrol car, ran to the driver's side of Plaintiff's vehicle and then attempted to physically pull Plaintiff from vehicle through the window, then telling Plaintiff he was going to arrest him for interfering with an officer.

31.     Startled by Defendant Ronald's behavior, and in pain from Defendant Ronald's attempts to remove him from his car, Plaintiff pulled back and otherwise retreated into his vehicle. Plaintiff also told Defendant Ronald to get off of him.  At that time, Defendant Ronald began punching Plaintiff in and about the body, causing Plaintiff to scream in pain.  Despite repeated attempts to explain who he was, Defendant Ronald continued to beat him about the body and attempted to stop the engine to his vehicle.

32.     At that time, Defendant Seiverling jumped in front of Defendant Ronald, gained partial entry to the driver's side of Plaintiff's vehicle and then began to severely beat Plaintiff by repeatedly punching him in the face and neck, including the area where Plaintiff recently had eye surgery.  Defendant Seiverling's hyperaggressive behavior then reached its peak when he disengaged Plaintiff's seat belt, removed him from the vehicle and threw Plaintiff to the ground by violently tripping him and then continued to punch him about the face and body.  When Defendant Seiverling did so, Plaintiff's vehicle slid backwards until Defendant Ronald was able to stop it. Plaintiff was placed in prone position and restrained with such force behind his back that he sustained significant injury to his shoulder requiring surgery.

33.     As a direct result of the beating, Plaintiff suffered significant injuries to his head, face and body, to include laceration(s), bruising, contusion(s) and exacerbation of existing ailments, all requiring hospitalization, further surgical correction and all evidenced by medical records.

34.     At no time did Plaintiff present cause for the actions of Defendants Ronald and Seiverling.  Plaintiff was not given a verbal warning for any potential criminal behavior before Defendants Ronald and Seiverling initiated the unnecessary and unjustified beating of an elderly father present at their request.  Plaintiff was not suspected of any crime, posed no threat of danger to the officers, and presented no probable cause for officer intervention.

35.     Defendant Williams arrived on the scene where he failed to intervene as a supervisor at any time.  Defendant Williams held Plaintiff in custody and without legal justification.  Defendant Williams further failed to initiate any disciplinary actions against Defendants Ronald and Seiverling. Instead, Defendant Williams was complicit in the beating, false arrest and false imprisonment of Plaintiff in order to provide cover for Defendants Ronald and Seiverling.  Defendant Williams, along with Defendants Ronald and Seiverling, continued to disparage and ridicule Plaintiff while restrained.

36.     Due to the serious nature of Plaintiff's injuries, St. Charles County EMT's arrived at the scene to render aid.  Despite Defendant Seiverling's request to transport to the St. Charles County P.D./Jail, and notwithstanding Plaintiff's medical condition, EMT personnel required immediate release for hospitalization.

37.     Defendants Ronald, Seiverling and Williams prepared materially false and inconsistent Offense/Incident reports including false representations that Plaintiff, for no apparent reason, shouted obscenities, threatened them, resisted arrest, and tried to use a vehicle to cause them harm.  The collective efforts of Defendants Ronald, Seiverling and Williams to memorialize their official actions operated in derogation of reality; only to serve as a pretext to their illicit behavior.

38.     On information and belief, SCCPD has a history of violating the civil rights of those parties in which law enforcement personnel come into contact with, including using more force than necessary.

9

39.     On information and belief, the SCCPD has a custom or practice of subjecting persons to unnecessary and maximum physical force in contravention of clear SCCPD policy prohibiting such conduct.  This custom or practice has been evidenced by the actions of the Defendants in this case where Plaintiff presented no risk of harm at any time.

40.     The use of unreasonable and/or unnecessary force by Defendants in this case was and is subject to specific regulations, procedures and/or general orders and standards, and also the Use of Force Continuum.

41.     The beating of Plaintiff by Defendants Ronald and Seiverling was in direct violation of any and all applicable regulations, procedures, general orders and/or standards, and also the Use of Force Continuum.

42.     No reasonable officer could have believed that there was a need to beat Plaintiff when Plaintiff was called to the scene for the express purpose of picking up his son, and where Plaintiff presented to immediate threat of harm.

43.     Plaintiff suffered significant physical injuries and pain as a result of Defendants' conduct.

44.     Plaintiff suffered, and continues to suffer, extreme emotional distress as a result of Defendants' conduct

## COUNT I

VIOLATION OF 42 U.S.C. §1983: EXCESSIVE FORCE
(Defendants Scott Ronald & Nicholas Seiverling)

45.     Plaintiff incorporates and re-alleges by reference the statements contained in Paragraphs 1 through 44 above as if fully set forth herein.

46.     On or about August 18, 2020, Defendants Ronald and Seiverling subjected Plaintiff to a severe beating absent any legal justification, thus depriving Plaintiff of his constitutional rights.

47.     At the time of the beating, Defendants Ronald and Seiverling acted under color of state law and in their capacity as SCCPD officers.   Defendants Ronald and Seiverling further knew, or should have known, that their conduct violated known and established constitutionally protected rights.  Their actions were conducted within the scope and context of their official duties or employment.  Defendants Ronald and Seiverling acted in concert with one another.

48.     At no time relevant to this action was Plaintiff a threat to the safety of Defendants, himself or other members of the general public.

49.     Defendant Ronald and Seiverling's use of force by beating Plaintiff was excessive because they invited Plaintiff to the scene, there was no immediate defense of person or persons situation necessitating such force, there was no verbal warning that such force would be used, and there were other, more reasonable options available other than beating Plaintiff in the face and rendering him incapacitated.

50.     Defendant Ronald and Seiverling's unjustified beating deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures through excessive force as guaranteed to Plaintiff under the Fourth Amendment and applied to state actors via the Fourteenth Amendment.

51.     Any reasonable police officer knew or should have known of these constitutional rights at the time of the complained conduct as they were clearly established at the time.

52.     The collective actions of Defendants Ronald and Seiverling were carried out willfully, wantonly, maliciously, and with such reckless disregard for the consequences as to demonstrate a conscious and deliberate indifference to the rights of Plaintiff.

53.     Defendants Ronald and Seiverling are liable for Plaintiff's injuries because they were integral participants in the excessive use of force.

11

54.     Defendants Ronald and Seiverling, at all times relevant herein, were acting pursuant to Defendant St. Charles County custom, pattern and practice, policy, decision, usage or widespread habit.

55.     As a result of Defendants' unlawful conduct, Plaintiff suffered actual physical and emotional injuries, as well as other damages and losses as described herein thus entitling Plaintiff to compensatory, special and punitive damages.

WHEREFORE, Plaintiff prays for the Order of this Court awarding:

(d)     Compensatory damages as will fairly and accurately compensate Plaintiff for Plaintiff's damages;

(b)     Punitive damages in an amount that will fairly punish the Defendants for their conduct;

(c)     Reasonable attorney's fees and costs; and

(d)     Such other relief as the Court may find just and proper.

## COUNT II

VIOLATION OF 42 U.S.C. §1983: UNLAWFUL ARREST
(Defendants Scott Ronald & Nicholas Seiverling)

56.     Plaintiff incorporates by reference the statements contained in Paragraphs 1 through 55 above as if fully set forth herein.

57.     On or about August 18, 2020, Defendants Ronald and Seiverling subjected Plaintiff to an unlawful arrest without probable cause or reasonable suspicion of illegal conduct, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

58.     The unlawful arrest without probable cause or reasonable suspicion of illegal conduct suffered by Plaintiff occurred during an illegal search and seizure of Plaintiff's person and

thus deprived Plaintiff of Plaintiff's civil rights, pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

59.     At the time of the unlawful arrest without probable cause or reasonable suspicion of illegal conduct, Defendants Ronald and Seiverling acted under color of state law and knew that their conduct violated known and established constitutionally protected rights.  Defendant Ronald and Seiverling's collective actions were carried out willfully, wantonly, maliciously, and with such reckless disregard for the consequences as to demonstrate a conscious and deliberate indifference to the rights of Plaintiff.

60.     Defendants Ronald and Seiverling are liable for Plaintiff's injuries because they were integral participants in the excessive use of force.

61.     Defendant Ronald and Seiverling's use of force by beating Plaintiff was excessive because they invited Plaintiff to the scene, there was no immediate defense of person or persons situation necessitating such force, there was no verbal warning that such force would be used, and there were other, more reasonable options available other than beating Plaintiff in the face and rendering him incapacitated.

62.     As a result of Defendants' unlawful conduct, Plaintiff suffered actual physical and emotional injuries, as well as other damages and losses as described herein thus entitling Plaintiff to compensatory, special and punitive damages.

WHEREFORE, Plaintiff prays for the Order of this Court awarding:

(a)     Compensatory damages as will fairly and accurately compensate Plaintiff for Plaintiff's damages;

(b)     Punitive damages in an amount that will fairly punish the Defendants for their conduct;

(c)     Reasonable attorney's fees and costs; and

(d)     Such other relief as the Court may find just and proper.

## COUNT III

VIOLATION OF 42 U.S.C. §1983: FALSE IMPRISONMENT
(Defendants Ronald, Seiverling & Williams)

63.     Plaintiff incorporates by reference the statements contained in Paragraphs 1 through 62 above as if fully set forth herein.

64.     Defendants Ronald, Seiverling and Williams subjected Plaintiff to false imprisonment against Plaintiff's will after Plaintiff's arrest by holding Plaintiff in custody after being beaten, and until intervention by EMT personnel, as a means to punish Plaintiff for inquiring as to his son's arrest, and to allow additional time to develop a pretext for the use of excessive force.

65.     The false imprisonment suffered by Plaintiff occurred during an illegal seizure of Plaintiffs person and thus deprived Plaintiff of Plaintiff's civil rights pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

66.     At the time of the false imprisonment without probable cause or reasonable suspicion of illegal conduct, Defendants Ronald, Seiverling and Williams acted under color of state law and knew that their conduct violated known and established constitutionally protected rights. Defendant Ronald, Seiverling and Williams' collective actions were carried out willfully, wantonly, maliciously, and with such reckless disregard for the consequences as to demonstrate a conscious and deliberate indifference to the rights of Plaintiff.

67.     As a result of Defendants' unlawful conduct, Plaintiff suffered actual physical and emotional injuries, as well as other damages and losses as described herein thus entitling Plaintiff to compensatory, special and punitive damages.

WHEREFORE Plaintiff prays for the Order of this Court awarding:

(a)     Compensatory damages as will fairly and accurately compensate Plaintiff for
        Plaintiff's damages;

14

(b)     Punitive damages in an amount that will fairly punish the Defendants for their

conduct;

(c)     Reasonable attorney's fees and costs; and

(d)     Such other relief as the Court may find just and proper.

### COUNT IV

VIOLATION OF 42 U.S.C. §1983: FAILURE TO INTERVENE
(Defendant John Williams)

68.     Plaintiff incorporates by reference the statements contained in Paragraphs 1 through 67 above as if fully set forth herein.

69.     On August 18, 2020, Defendant John Williams assisted Defendants Ronald and Seiverling on the parking lot of Outback Steakhouse, located at 4002 Winghaven Boulevard in the City of O'Fallon, Missouri 63366, wherein Plaintiff was subjected to an unlawful arrest, false imprisonment, assault and battery.

70.     Notwithstanding the opportunity and an obligation to prevent the unlawful actions to which the Plaintiff was subjected, Defendant Williams failed to intervene.

71.     Defendant Williams' failure to take reasonable steps to protect Plaintiff from the actions of Ronald and Sieverling evidenced a common disregard for Plaintiff's constitutional rights and thereby created express liability under Section 1983 for their nonfeasance.  Defendant Williams further assisted Defendants Ronald and Seiverling in developing a pretext for their unlawful actions.

72.     At the time of Plaintiff's beating, false arrest and imprisonment, Defendant Williams acted under color of state law and knew that his conduct violated known and established constitutionally protected rights.  Defendant Williams' actions were carried out willfully, wantonly, maliciously, and with such reckless disregard for the consequences as to demonstrate a conscious and deliberate indifference to the rights of Plaintiff.

15

73.     As a result of Defendant Williams' unlawful conduct, Plaintiff suffered actual physical and emotional injuries, as well as other damages and losses as described herein thus entitling Plaintiff to compensatory, special and punitive damages.

WHEREFORE Plaintiff prays for the Order of this Court awarding:

(a)     Compensatory damages as will fairly and accurately compensate Plaintiff for Plaintiff's damages;

(b)     Punitive damages in an amount that will fairly punish the Defendant for his conduct;

(c)     Reasonable attorney's fees and costs; and

(d)     Such other relief as the Court may find just and proper.

## COUNT V

VIOLATION OF 42 U.S.C. §1983: MUNICIPAL LIABILITY
(Defendant St. Charles County)

74.     Plaintiff incorporates by reference the statements contained in Paragraphs 1 through 73 above as if fully set forth herein.

75.     Defendant St. Charles County deprived Plaintiff of the rights and liberties secured to him by the Fourth and Fourteenth Amendments, in that said Defendant and its supervisory and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the general public, including Plaintiff, where it knowingly maintained, enforced and applied a custom, policy or practice of the following:

(a)     employing and retaining as police officers of the SCCPD, including Defendants Ronald, Seiverling and Williams, who Defendant St. Charles County, at all relevant times herein, knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to adhere to defined SCCPD policies;

(b)      of inadequately training, supervising, controlling, assigning and/or disciplining SCCPD officers and other personnel, who Defendant St. Charles County knew or in the exercise of reasonable care should have known, had the propensity and/or character trait for abusing their authority and for mistreating citizens;

(c)      by failing to adequately train officers, including Defendants Ronald, Seiverling and Williams, and failing to institute appropriate policies regarding the use of force, including the prevention of using excessive force;

(d)      by having or otherwise maintaining an unconstitutional policy, custom and practice of using or allowing excessive force, which has been demonstrated by inadequate training of Defendants Ronald, Seiverling and Williams- said policy, custom and practice were made with deliberate indifference to the safety and rights of members of the general public;

(e)      of completely inadequate training of SCCPD personnel, including Defendants Ronald, Seiverling and Williams, with respect to the application of force as to unarmed individuals that do not present a threat to themselves and/or the general public;

76.      By virtue of the above-summarized policy or practice, Plaintiff was severely injured, thereby being subjected to extreme mental anguish and pain and suffering.

77.      Defendant St. Charles County, together with various individuals, including the Chief of Police, and whether named or unnamed, had actual or constructive knowledge of the deficient policy, custom and/or practice as previously alleged.  Notwithstanding such knowledge, Defendant St. Charles County condoned, tolerated and through action or inaction, ratified such policy, custom and/or practice.  Defendant St. Charles County further acted with deliberate indifference to the

foreseeable effects and consequences of its policy, custom and/or practice as it relates to the rights of the general public, including Plaintiff.

78.     Defendant St. Charles County's sanctioning or toleration of the policy, practice and/or custom provided above demonstrates intentional, reckless and callous disregard for the beating of Plaintiff and his constitutionally protected rights.  Defendant St. Charles County's action or inaction was willful, wanton, malicious, and offensive to any reasonable party of normal sensibilities.

79.     As a result of Defendant St. Charles County's unlawful conduct, Plaintiff suffered actual physical and emotional injuries, as well as other damages and losses as described herein thus entitling Plaintiff to compensatory, special and punitive damages.

WHEREFORE Plaintiff prays for the Order of this Court awarding:

(a)     Compensatory damages as will fairly and accurately compensate Plaintiff for Plaintiff's damages;

(b)     Punitive damages in an amount that will fairly punish the Defendant for its conduct;

(c)     Reasonable attorney's fees and costs; and

(d)     Such other relief as the Court may find just and proper.

## COUNT VI

VIOLATION OF 42 U.S.C. §1983: FAILURE TO TRAIN/INSTRUCT/SUPERVISE
& DISCIPLINE
(Defendant St. Charles County)

80.     Plaintiff incorporates by reference the statements contained in Paragraphs 1 through 79 above as if fully set forth herein.

81.     At all times relevant herein, Defendants Ronald, Seiverling and Williams were acting under the direction and control of Defendant St. Charles County, which acted through its agents and employees who were responsible for making policy of the SCCPD, its officers and operations.

Defendants Ronald, Seiverling and Williams were acting pursuant to either official policy or the practice, custom, and usage of Defendant St. Charles County and its police department.

82.     Acting under color of law, by and through the policy makers of Defendant St. Charles County, and pursuant to official policy or custom and practice, Defendant St. Charles County intentionally, knowingly, recklessly, or with deliberate indifference to the rights of Plaintiff and the inhabitants of St. Charles County failed to instruct, supervise, control, and/or discipline, on a continuing basis, Defendants Ronald, Seiverling and Williams in the performance of their duties to refrain from:

(a)     unlawful searches and seizures of its citizens;

(b)     use of excessive force against its citizens; and

(c)     otherwise depriving citizens of their constitutional and statutory rights, privileges and immunities.

83.     Defendant St. Charles County had knowledge of, or had it diligently exercised its duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs done, or heretofore alleged, or other unlawful or unconstitutional acts were going to be committed.  Defendant St. Charles County had power to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of Plaintiff and the inhabitants of St. Charles County failed or refused to do so.

84.     Defendant St. Charles County, directly or indirectly, and under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of Defendants Ronald, Seiverling and Williams.

WHEREFORE Plaintiff prays for the Order of this Court awarding:

(a)     Compensatory damages as will fairly and accurately compensate Plaintiff for

Plaintiff's damages;

(b)      Punitive damages in an amount that will fairly punish the Defendant for its

conduct;

(c)      Reasonable attorney's fees and costs; and

(d)      Such other relief as the Court may find just and proper.

## COUNT VII

### STATE LAW CLAIM: BATTERY
(Also Cognizable Under 42 U.S.C. § 1983)
(Defendants Scott Ronald and Nicholas Seiverling)

85.      Plaintiff incorporates by reference the statements contained in Paragraphs 1 through

84 above as if fully set forth herein.

86.      Defendants Ronald and Seiverling subjected Plaintiff to an unlawful battery pursuant

to applicable Missouri Law.

87.      On August 18, 2020, Defendant Ronald and Seiverling, while working as police

officers for the SCCPD- Defendant St. Charles County, and acting within the course and scope of

their duties, subjected Plaintiff to a severe beating to Plaintiff's his head, face and body that resulted

in laceration(s), bruising, contusion(s), exacerbation of existing ailments, and internal injuries all

requiring hospitalization, further surgical correction and all evidenced by medical records.

88.      The battery suffered by Plaintiff occurred during an illegal search and seizure on

August 18, 2020 and was not legally justified.

89.      At the time of the battery, Defendants Ronald and Seiverling acted under color of

state law and knew that their conduct violated known and established constitutionally protected

rights.  Defendant Ronald and Seiverling's actions were carried out willfully, wantonly, maliciously,

and with such reckless disregard for the consequences as to demonstrate a conscious and deliberate

indifference to the rights of Plaintiff.

90.     As a result of Defendant Ronald and Seiverling's unlawful conduct, Plaintiff suffered actual physical and emotional injuries, as well as other damages and losses as described herein thus entitling Plaintiff to compensatory, special and punitive damages.

WHEREFORE Plaintiff prays for the Order of this Court awarding:

(a)     Compensatory damages as will fairly and accurately compensate Plaintiff for

Plaintiff's damages;

(b)     Punitive damages in an amount that will fairly punish the Defendants for their conduct;

(c)     Reasonable attorney's fees and costs; and

(d)     Such other relief as the Court may find just and proper.

## COUNT VIII

STATE LAW CLAIM: ASSAULT
(Also Cognizable Under 42 U.S.C. § 1983)
(Defendants Ronald and Seiverling)

91.     Plaintiff incorporates by reference the statements contained in Paragraphs 1 through 90 above as if fully set forth herein.

92.     Defendants Ronald and Seiverling subjected Plaintiff to an assault pursuant to Missouri Law.

93.     On August 18, 2020, Defendant Ronald and Seiverling, while working as police officers for the SCCPD- Defendant St. Charles County and acting within the course and scope of their duties, subjected Plaintiff to a severe beating to Plaintiff's his head, face and body, that resulted in laceration(s), bruising, contusion(s) and exacerbation of existing ailments, and internal injuries all requiring hospitalization, further surgical correction and all evidenced by medical records.

94.     The assault occurred during an illegal search and seizure on August 18, 2020 and was not legally justified.

95.     At the time of the assault, Defendants Ronald and Seiverling acted under color of state law and knew that their conduct violated known and established constitutionally protected rights.  Defendant Ronald and Seiverling's actions were carried out willfully, wantonly, maliciously, and with such reckless disregard for the consequences as to demonstrate a conscious and deliberate indifference to the rights of Plaintiff.

96.     As a result of Defendant Ronald and Seiverling's unlawful conduct, Plaintiff suffered actual physical and emotional injuries, as well as other damages and losses as described herein thus entitling Plaintiff to compensatory, special and punitive damages.

WHEREFORE Plaintiff prays for the Order of this Court awarding:

(a)     Compensatory damages as will fairly and accurately compensate Plaintiff for Plaintiff's damages;

(b)     Punitive damages in an amount that will fairly punish the Defendants for their conduct;

(c)     Reasonable attorney's fees and costs; and

(d)     Such other relief as the Court may find just and proper.

## COUNT IX
STATE LAW CLAIM: NEGLIGENCE
(All Defendants)

97.     Plaintiff incorporates by reference the statements contained in Paragraphs 1 through 96 above as if fully set forth herein.

98.     The actions and inaction of all Defendants were negligent, including but not limited to the following:

(a)     the failure to properly and adequately train employees, including Defendants Ronald, Seiverling and Williams, with respect to the application or use of force, including excessive force;

(b)     the failure to properly and adequately train employees, including Defendants Ronald, Seiverling and Williams, with respect to assessing the need to detain, arrest and use force, including the prevention of excessive force against Plaintiff;

(c)     the negligent actions, tactics or general handling of the situation with Plaintiff, including pre-beating negligence;

(d)     the negligent detention, arrest, and use of force, including excessive for by Defendants Ronald and Seiverling against Plaintiff;

(e)     the beating of an unarmed, nonviolent individual suffering from medical issues and was only at the scene at Defendant Ronald and Seiverling's request;

(f)     the failure to properly train and supervise employees, including Defendants Ronald, Seiverling and Williams.

99)     As a direct and proximate result of Defendants' conduct, and other potential negligent behavior yet to be discovered, Plaintiff was caused to suffer pain and suffering, including actual physical and emotional injuries, as well as other damages and losses as described herein.

WHEREFORE Plaintiff prays for the Order of this Court awarding:

(a)     Compensatory damages as will fairly and accurately compensate Plaintiff for Plaintiff's damages;

(b)     Punitive damages in an amount that will fairly punish the Defendants for their conduct;

(c)     Reasonable attorney's fees and costs; and

(d)     Such other relief as the Court may find just and proper.

## ADDITIONAL STATEMENT REGARDING DAMAGES

100.     As a direct and proximate result of the acts and omissions of the Defendants described in this Complaint, Plaintiff suffered a significant loss of his liberty and violation of his

constitutional rights, and suffered and continues to suffer significant emotional pain, distress, humiliation and embarrassment.

101.    Because of the intentional, willful, malicious and/or recklessly indifferent nature of Defendants' conduct, Plaintiffs each pray for an award of punitive damages against the individual Defendants.

WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them for the violation of their federal constitutional and statutory rights as follows:

(1)    For compensatory damages in an amount to be determined by the trier of fact.

(2)    For punitive damages against the individual Defendants in an amount to be determined by the trier of fact.

(3)    For pre-judgment and post-judgment interest.

(4)    For attorney's fees and costs pursuant to 42 U.S.C. §1988.

(5)    For such other and further relief as the Court deems just and proper.

## FINDER OF FACT

102.    Plaintiff demands a jury trial of all issues properly triable by jury.

Respectfully submitted,

THE LAW OFFICES OF JOHN M. LYNCH, LLC

*E/S/ John M. Lynch*
JOHN M. LYNCH, #56604MO
5770 Mexico Road, Suite A
St. Peters, MO 63376
(314) 726-9999 Phone
(314) 726-9199 Facsimile jlynch@lynchlawonline.com

*Attorneys for Plaintiff James W. Setchfield*