# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES W. SETCHFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-923 RLW |
| | ) | |
| ST. CHARLES COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants St. Charles County, Nicholas Sieverling, Scott Ronald, and John Williams's Motion to Compel Discovery and Supplemental Motion to Compel Discovery. (ECF Nos. 27 & 44). Plaintiff James W. Setchfield failed to respond to the motions, and the time to do so has expired. For the reasons that follow, Defendants' Motion to Compel Discovery is granted, and the Supplemental Motion to Compel Discovery is denied.

In their first Motion to Compel, Defendants move that the Court compel Plaintiff to produce any and all documents responsive to Request Nos. 1 and 3 of Defendants' First Request for Production of Documents and to provide any and all information responsive to Interrogatory No. 11 of Defendants' First Set of Interrogatories.

Request No. 1 of Defendants' First Request for Production of Documents asks Plaintiff to provide Defendants with the following:

> Plaintiff's wage and tax statements and joint or individual income tax returns filed within five years before the date of the occurrence alleged in Plaintiff's Complaint for Damages and all statements or returns filed since that date.

(ECF No. 27, Ex. A at 1).

Request No. 3 of Defendants' First Request for Production of Documents asks Plaintiff to produce the following:

> If you claim that you suffer/suffered from any medically or psychologically diagnosable injury or condition as a result of County Defendants' actions as alleged in the Complaint for Damages, please provide all medical records, reports, charts or notations of whatever kind describing or indicating Plaintiff's physical or mental condition prepared by any physician, therapist, or any other person having occasion to treat, examine or care for Plaintiff within the period of eight years before the date of the mailing of this request. If any such documents are not in the possession of Plaintiff or Plaintiff's attorney, then a medical records release is requested to enable Defendants to acquire such documents.

(ECF No. 27, Ex. A at 1-2).

Interrogatory No. 11 of Defendants' First Set of Interrogatories asks Plaintiff the following:

> … [H]ave you ever sought or received treatment or evaluation for any medical or psychological injury or condition, or symptom thereof, identified in Interrogatory Number 10 during the ten (10) years prior to the occurrence mentioned in Plaintiff's Complaint for Damages? If so, state the following:
> a) Injury, condition or symptom(s) for which you sought evaluation and/or treatment;
> b) Name and address of each hospital, clinic, physician, health care provider or mental health care provider who provided such evaluation and/or treatment;
> c) Dates on which such evaluation and/or treatment was rendered;
> d) Any medical or psychological diagnosis given; and
> e) Describe the evaluation and/or treatment received.

(ECF No. 27, Ex. B at 7).

Plaintiff served Defendants with Objections and Answers to Defendants' First Set of Interrogatories and Objections and Responses to Defendants' First Requests for Production of Documents, but they were served out of time.[1]  Plaintiff objected to Requests Nos. 1 & 3 and

---

[1] Defendants served Plaintiff with their First Set of Interrogatories and First Requests for Production on December 15, 2021.  Plaintiff served Defendants with Objections and Answers to Defendants' First Set of Interrogatories and Objections and Responses to Defendants' First Request for Production of Documents on February 11, 2022.

2

Interrogatory No. 11.  Plaintiff did provide some documents that were responsive to Request No. 1.

In their first Motion to Compel, Defendants detail their counsel's attempts to resolve the discovery dispute without involving the Court, which included a number of emails, letters, and at least two telephone conferences with opposing counsel.  The Court finds counsel has met the requirements of Local Rule 3.04(A).[2]

Finding defense counsel has met the requirements of Local Rule 3.04(A) and receiving no response in opposition from Plaintiff, the Court grants Defendants' first Motion to Compel.  In their Supplemental Motion to Compel, Defendants state that Plaintiff has subsequently provided them with additional discovery that is responsive to Request Nos. 1 and 3 of Defendants' First Request for Production of Documents and Interrogatory No. 11 of Defendants' First Set of Interrogatories.  However, Defendants still seek "all medical records, reports, charts or notations of whatever kind describing or indicating Plaintiff's physical or mental condition prepared by any physician, therapist, or any other person having occasion to treat, examine or care for Plaintiff within the three-year period prior to [December 15, 2021]."  (ECF No. 44 at 2).  The Court, therefore, will compel Plaintiff to produce these documents.

---

[2]Local Rule 3.04(A) provides the following:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has <u>conferred in person or by telephone</u> with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord.  This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

E.D. Mo. L.R. 3.04(A) (emphasis added).

The Court now turns to Defendants' Supplemental Motion to Compel. In addition to providing the Court with an update as to the parties' first discovery dispute, Defendants seek to compel Plaintiff to respond to their Second Request for Production of Documents. The Court will deny Defendants' Supplemental Motion to Compel. First, the motion does not state that Defendants' counsel has conferred in person or by telephone with opposing counsel or has made reasonable efforts to do so, in an attempt to resolve their dispute with regard to Defendants' Second Request for Production of Documents. See E.D. Mo. L.R. 3.04(A). Second, the Supplemental Motion to Compel was filed after the deadline set forth in the Case Management Order and Amended Case Management Order. The deadline to complete discovery in this case was November 2, 2022. Motions to compel were to be filed no later than eleven days following the close of discovery. (ECF Nos. 22 & 30). Defendants' Supplemental Motion to Compel was filed on January 12, 2023, which was out of time.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel is **GRANTED.** [ECF No. 27]. On or before **February 13, 2023,** Plaintiff James W. Setchfield shall provide Defendants with all medical records, reports, charts, or notations of whatever kind describing or indicating Plaintiff's physical or mental condition prepared by any physician, therapist, or any other person having occasion to treat, examine or care for Plaintiff within the three-year period prior to December 15, 2021. Plaintiff shall provide these documents without objections.

**IT IS FURTHER ORDERED** that Defendants' Supplemental Motion to Compel is **DENIED.** [ECF No. 44]

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   3rd   day of February 2023.