UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES W. SETCHFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-923 RLW |
| ) | |
| ST. CHARLES COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Nicholas Seiverling, Scott Ronald, and John Williams's Motion for Sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A). (ECF Nos. 61). Plaintiff James W. Setchfield opposes the motion, which is fully briefed and ripe for review.[1]

### I.   Background

On August 15, 2022, Defendants moved to compel Plaintiff to produce any and all documents responsive to Request Nos. 1 and 3 of Defendants' First Request for Production of Documents and to provide any and all information responsive to Interrogatory No. 11 of Defendants' First Set of Interrogatories.  In their motion to compel, Defendants detailed their counsel's attempts to resolve the discovery dispute without involving the Court, including a number of emails, letters, and at least two telephone conferences with opposing counsel, which the Court found met the requirements of Local Rule 3.04(A).

---

[1]Also before the Court is Plaintiff's Motion for Leave to File a Surreply and For a Hearing, which is unopposed. (ECF No. 67).  First, a memorandum filed following a reply is properly designated a surresponse, which itself may be followed by a surreply.  Second, regardless of title, the motion for leave is denied because the proposed filing was not attached to the motion for leave, as required by the Court's CM/ECF Procedures Manual, Section II.B. The Court will not grant leave to file a surresponse until it has reviewed the document.  That said, the Court finds that neither a surresponse nor a hearing is necessary to decide the issues before the Court.

On January 12, 2023, Defendants supplemented their motion to compel to state that Plaintiff had subsequently provided them with additional discovery that was responsive to Request Nos. 1 and 3 and Interrogatory No. 11, but that Defendants were still seeking from Plaintiff "all medical records, reports, charts or notations of whatever kind describing or indicating Plaintiff's physical or mental condition prepared by any physician, therapist, or any other person having occasion to treat, examine or care for Plaintiff within the three-year period prior to [December 15, 2021]." (ECF No. 44 at 2). Plaintiff filed no response to the Defendant's initial motion to compel or the supplement.

On February 3, 2023, the Court granted Defendants' unopposed motion to compel and ordered Plaintiff to provide Defendants "with all medical records, reports, charts, or notations of whatever kind describing or indicating Plaintiff's physical or mental condition prepared by any physician, therapist, or any other person having occasion to treat, examine or care for Plaintiff within the three-year period prior to December 15, 2021," on or before February 13, 2023. (ECF No. 49). Neither side notified the Court as to whether Plaintiff had complied with the February 3, 2023 Memorandum and Order.

In their motion for sanctions, Defendants state that Plaintiff has not provided them with any additional documents and, therefore, he has failed to comply with the Court's February 3, 2023 Memorandum and Order. For relief, Defendants request that the Court sanction Plaintiff and prohibit him "from introducing any evidence regarding his alleged physically infirm status at the time of his August 18, 2020 encounter" with Defendants. (ECF No. 63).

Plaintiff vehemently opposes Defendants' motion for sanctions and argues that it is meritless, if not frivolous. Plaintiff asserts that Defendants are not entitled to the sanctions they seek because Plaintiff has fulfilled his discovery obligations and complied with this Court's

2

Memorandum and Order directing disclosure of Defendant's medical records. Plaintiff states that he has provided "literally everything he has in his possession, including the medical records at issue." (ECF No. 65 at 5). In his Response in Opposition to Defendants' Motion for Sanctions, Plaintiff lists the medical records he provided, and the dates on which he disclosed them to Defendants' counsel. It is impossible to determine from the list, however, the dates of the medical records. Plaintiff does state elsewhere in his Response in Opposition that the medical records from BJC date back to 2011, and contends they were provided to Defendants' counsel on January 12, 2023. According to Plaintiff, Defendants' motion for sanctions is void of merit, and he requests that the Court award him fees for having to respond to the motion.

In their Reply in Support of their Motion for Sanctions, Defendants state that the documents they received from Plaintiff via mail on or around January 14, 2023, were responsive to their Second Request for Production dated September 14, 2022, which states:

> Please provide all medical records, reports, charts, or notations of whatever kind describing or indicating Plaintiff's physical or mental condition prepared by any physician, therapist, or any other person having occasion to treat, examine or care for Plaintiff from 2011 to the present, with respect to the Plaintiff's purported transient ischemic attack (TIA)/stroke.

(ECF No. 66 at 2). Defendants characterize the medical records from BJC as being exclusively focused on the medical treatment Plaintiff received for a stroke in 2011. Defendants also point to the fact that Plaintiff sent these documents on the day Defendants filed their supplement to the motion compel, and before the Court's ruling on February 3, 2023. Having received no documents since the Court's ruling, Defendants assert Plaintiff has not complied with the Court February 3, 2023 Memorandum and Order.

## II.   Discussion

Rule 37(b)(2) of the Federal Rules of Civil Procedure allows the Court to impose sanctions upon parties who fail to comply with discovery orders. Under Rule 37, the Court has a number of options for addressing discovery violations, including: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. Fed. R. Civ. P. 37(b)(2)(A).

In addition to a wide array of options, the Court has broad discretion to impose sanctions for a party's failure to comply with discovery requests. United States v. Big D Enterprises, Inc., 184 F.3d 924, 936 (8th Cir. 1999); Collins v. Burg, 169 F.3d 563, 565 (8th Cir. 1999). But the Court's discretion "is bounded by the requirement of Rule 37(b)(2) that the sanction be 'just' and 'relate to the claim at issue in the order to provide discovery.'" Hairston v. Alert Safety Light Prod., Inc., 307 F.3d 717, 719 (8th Cir. 2002) (quoting Avionic Co. v. Gen. Dynamics Corp., 957 F.2d 555, 558 (8th Cir. 1992)).

In the Court's view, Defendants' motion for sanctions involves less of a discovery dispute and more of a communication problem, which could have been avoided had Plaintiff's counsel communicated with the Court and opposing counsel. Plaintiff's counsel did not file a response to Defendants' motion to compel or their supplement prior to the Court's ruling. He did not notify the Court after the February 3, 2023 Memorandum and Order that he believed

4

Plaintiff had complied with the discovery request at issue.  Also, there is no evidence in the record that Plaintiff's counsel contacted the Defendants' attorney after the Court's February 3, 2023 Memorandum and Order and before March 6, 2023, the date the motion for sanctions was filed, to state that he had produced all responsive documents.  Plaintiff now asserts in his Response in Opposition to Defendants' Motion for Sanctions that he has provided "literally everything," including the medical records at issue, which were provided to Defendants on the day they filed their supplement to the motion to compel.

Defendants, for their part, believed the documents Plaintiff provided them on approximately January 14, 2023, were responsive to their Second Request for Production.  This belief appears to have been reasonable as Plaintiff himself states that the documents date back to 2011 and "include those of a peculiar interest to Defendants; that of a stroke or TIA as disclosed early on in this matter," which were what Defendants sought in their Second Request for Production.  (ECF No. 65 at 4).

Based on the record before the Court, it would appear Plaintiff has complied with the February 3, 2023 Memorandum and Order, but to the extent he has not, and Plaintiff has additional responsive medical records that he did not produce, the Court will grant Defendants' motion for sanctions in that Plaintiff will be prohibited from introducing any medical evidence from the three-year period prior to December 15, 2021, <u>unless Plaintiff disclosed the evidence to Defendants on or before February 13, 2023</u>.  The Court, however, does not find an award of attorneys' fees in favor of Defendants and against Plaintiff would be just in this case under these circumstances.  Finally, the Court denies Plaintiff's request for his fees in responding to the motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff James W. Setchfield's Motion for Leave to File Surreply in Opposition to Defendants' Motion for Sanctions and Incorporated Request for Hearing is **DENIED**.  (ECF No. 67).

**IT IS FURTHER ORDERED** that Defendants Nicholas Seiverling, Scott Ronald, and John Williams's Motion for Sanctions against Plaintiff James Setchfield is **GRANTED**.  (ECF No. 61).  Plaintiff shall be prohibited from introducing any medical evidence from the three-year period prior to December 15, 2021, unless Plaintiff disclosed the evidence to the defendants on or before February 13, 2023.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this  18th   day of April 2023.